IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:14-CR-16

| | | |
|---|---|---|
| JUAN SALAZAR-MARTINEZ,<br>Petitioner | )<br>) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA,<br>Respondent. | )<br>)<br>) | |

This matter is before the Court on petitioner's letter, construed herein as a motion, requesting a copy of his pre-sentence report (PSR) and the government's corresponding motion to dismiss. For the following reasons, petitioner's motion is denied without prejudice and the government's motion is denied as moot.

## BACKGROUND

On August 13, 2014, this Court sentenced petitioner to 24 months in the custody of the Bureau of Prisons (BOP) following his guilty plea to aggravated identity theft in violation of 18 U.S.C. § 1028A. Petitioner filed the instant motion on July 30, 2015, in which he requests a copy of his PSR in order to prepare for an upcoming immigration hearing. Petitioner was released from the Rivers Correctional Institution, a privately operated correctional facility that contracts with the BOP on November 3, 2015, and his whereabouts currently are unknown to the Court.

## DISCUSSION

Petitioner requests a copy of his PSR to prepare his legal defense for a hearing in an immigration court. The BOP does not allow prisoners to receive a copy of the presentence report by mail. *United States v. Truesdale*, No 3:92CR94 2010 WL 3522266 (W.D.N.C. Sept. 7, 2010); *Keys v. Dep't of Homeland Sec.*, 570 F. Supp. 2d. 59 (D.D.C. 2008). Nor does the Bureau of Prisons allow an inmate to retain a copy of his PSR. Bureau of Prisons Program Statement

1351.04–1351.05. That same BOP policy provides that an inmate may view his PSR by submitting a request to unit staff. *Id.* at 1351.05. In view of this policy, to the extent that defendant requested a copy of his PSR be mailed to him at Rivers Correctional Institute, that motion must be denied.

Additionally, Rule 32 of the Federal Rules of Criminal Procedure "does not give a defendant any right whatsoever to have a copy of the [presentence] report, much less copies of any documents or materials used in preparing the report." *Ward v. United States*, 609 F. Supp. 169 (N.D. Ohio 1985). Petitioner does not explain what type of immigration hearing he faces or why the PSR is necessary to his preparation. Accordingly, his motion is denied without prejudice should he justify the need for PSR and provide the Court with an address to which to send it.

The government argues that petitioner failed to exhaust his administrative remedies with the Bureau of Prisons, thus his motion should be dismissed. The Court questions whether the petitioner's request for a copy of the PSR constitutes a challenge to an aspect of his confinement such that the Administrative Procedures Act would apply. In light of petitioner's release from custody, however, the government's motion is moot and is denied as such.

## CONCLUSION

For the foregoing reasons, petitioner's motion for a copy of his presentence report is DENIED WITHOUT PREJUDICE [DE 29] and respondent's motion to dismiss [DE 34] is DENIED AS MOOT.

SO ORDERED, this 24 day of November, 2015.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2